**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nelson AYALA–DURAN, Defendant–Appellant.**

Nos. 08–10160, 08–10161.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 23, 2009.

John Robert Lopez, Karen S. McDonald, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Marc Victor, Esquire, Chandler, AZ, for Defendant–Appellant.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Nelson Ayala–Duran appeals from: (1) his jury-trial conviction and 63–month sentence for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a); and (2) the district court's revocation of his supervised release and imposition of a 36–month concurrent sentence. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Ayala–Duran's counsel has filed a brief stating there are no grounds for relief in either appeal, along with a motion to withdraw as counsel of record in both appeals. We have provided the appellant with the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED**. We remand in case # 2:07–cr–00564–SMM for the limited purpose of correcting the judgment so that it is consistent with the district court's oral pronouncement regarding applicability of the fine. *See, e.g., United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993). We also

remand in case # 2:01–cr–00799–SMM for the limited purpose of correcting the judgment so that the sentence does not exceed the 24–month statutory maximum. *See* 18 U.S.C. § 3583(e)(3). The judgments are **AFFIRMED** in all other respects.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.